**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JAY H. EHRENFELD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:26-cv-03156-MDH** |
| | ) | |
| **FORD MOTOR COMPANY, et al.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion for Recusal. (Docs. 29 & 30). Plaintiff has filed a motion seeking recusal of Senior Judge Harpool and Chief Judge Wimes pursuant to 28 U.S.C. § 455(a).

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, recusal is required where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" or "where in private practice he served as lawyer in the matter in controversy." 28 U.S.C. § 455(b)(1)-(2).

Defendants argue, and this Court agrees, that no basis exists for recusal of Presiding Judge Harpool. Plaintiff has proffered no facts which would provide a basis to question the Court's impartiality.

Plaintiff also seeks recusal of Chief Judge Wimes pursuant to 28 U.S.C. § 455(a). As an initial matter, Chief Judge Wimes is not assigned to this case or otherwise involved, and therefore

1

recusal is inappropriate and unwarranted. Moreover, even to the extent Chief Judge Wimes

previously presided over any matter involving Plaintiff, such involvement would not be a basis for

disqualification.

**CONCLUSION**

As no basis exists for recusal under 28 U.S.C. § 455, Plaintiff's Motion for Recusal of

Chief Judge Wimes and Senior Judge Harpool is hereby **DENIED**.

**IT IS SO ORDERED.**

Date:  July 28, 2026

 */s/ Douglas Harpool*_____
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**